# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ELMER MCLIN, | ) | Civil Action No. 7:19cv00247 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VA DEPT. OF CORR., <u>et al.</u>, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Elmer McLin, a Virginia inmate housed at River North Correctional Center ("River North") and proceeding <u>pro se</u>, commenced this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, <u>et seq.</u> Defendants Harold Clarke (Director of the Virginia Department of Corrections), Marcus Elam (Regional Administrator), Barry Kanode (Warden of River North), Bernard Morris (Religious Advisor), and Randy McDaniel (Chaplain) filed a motion to dismiss and the motion is ripe for disposition.[1] After reviewing the pleadings, the court grants defendants' motion to dismiss. Accordingly, only McLin's RLUIPA claims against defendants David Robinson, the Virginia Department of Corrections ("VDOC"), and River North remain.

## I.

McLin is a Jewish inmate who has been housed at River North since 2018. McLin states that his religion requires him to wear a yarmulke (a religious head covering) "at all times" and a tzitzit (a religious undergarment) "all day." McLin alleges that the defendants restrict when he may wear the yarmulke and prohibit him from wearing the tzitzit at all. McLin also states that his religion requires him to eat kosher-for-Passover meals during Passover. McLin concedes that such meals are made available for purchase from the commissary, but he argues that he is unable to buy

---

[1] The other defendants, David Robinson (Chief of Corrections Operations), River North, and the Virginia Department of Corrections filed an answer to McLin's complaint. See ECF No. 12.

them because he has no income and no family to send money for the purchase of the meals. McLin explains that prior to December 14, 2018, inmates could request and receive donated kosher-for-Passover meal packages from "any Jewish organization, synagogue, or shul," but that defendant Robinson changed the policy to only allow donations from five specific organizations. McLin claims that one of the organizations requires membership; two of the organizations do not exist; one of the organizations is a for-profit business that does not donate meal packages; and the last is a Messianic organization that only sends supplies to Messianic inmates, which he is not.

Defendants Clarke, Elam, Kanode, Morris, and McDaniel moved to dismiss McLin's complaint, arguing that McLin has not stated a plausible claim to relief against them because he fails to sufficiently allege that they were personally involved in violating his rights. Defendants also argue that to the extent that McLin is attempting to bring a claim under the Virginia Religious Freedom Restoration Act ("Virginia RFRA"), Virginia Code § 57-2.02, it fails because the VDOC and its employees are not subject to suit under that statute. In response to the defendants' motion to dismiss, McLin states that defendants Clarke, Elam, Kanode, Morris, and McDaniel are "all responsible for shaping, implementing, and enforcing all VDOC policies."

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," id., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. See, e.g., Boag v. MacDougall, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." Bracey v.

3

Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Further, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing U.S. ex rel. Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

### III.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1(a) (2006). "[F]or RLUIPA purposes, a substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)).

To hold an individual liable under RLUIPA, the plaintiff must allege that the defendant "acted with the requisite intent." Id. at 194. The intent required is more than simple negligence: "Adoption of the negligence standard would open prison officials to unprecedented liability for burdening an inmate's religious exercise." Id. For this reason, "[i]n order to establish liability under RLUIPA . . . a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation." Greenberg v. Hill, No. 2:07cv1076, 2009 U.S. Dist. LEXIS 28027, at *11, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009); Sullivan v. Younce, No. 3:15cv10, 2017 U.S. Dist. LEXIS 23150, at *16-17, 2017 WL 655175, at *7 (E.D. Va. Feb. 16, 2017). McLin fails to allege any personal involvement of defendants Clarke, Elam, Kanode, Morris, and McDaniel in violating his rights under RLUIPA.

4

To the extent that McLin refers to the defendants collectively in his complaint and in his response to the motion to dismiss, such generalization is insufficient under Rule 8 of the Federal Rules of Civil Procedure. Patterson v. Francis, No. 5:07cv114, 2007 U.S. Dist. LEXIS 91168, at *16, 2007 WL 4255252, at *6 (N.D.W. Va. Nov. 15, 2007). Group pleadings are not permissible. Leneau v. Ponte, No. 16cv776, 2018 U.S. Dist. LEXIS 12272, at *40, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018); Logan v. City of Schenectady, No. 1:18cv1179, 2019 U.S. Dist. LEXIS 136196, at *16, 2019 WL 3803631, at *6 (N.D.N.Y. Aug. 13, 2019). Mere "conclusory allegations against defendants as a group" which "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. Galicki v. New Jersey, No. 14-169, 2015 U.S. Dist. LEXIS 84365, at *8, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." Id. When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." Falat v. County of Hunterdon, No. 12-6804, 2013 U.S. Dist. LEXIS 37398, at *11-12, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original omitted). For these reasons, the court concludes that McLin has failed to state a plausible RLUIPA claim against defendants Clarke, Elam, Kanode, Morris, and McDaniel. Accordingly, the court will grant these defendants' motion to dismiss as to these claims.[2]

---

[2] Moreover, to the extent McLin is alleging that defendants Clarke, Elam, Kanode, Morris, and McDaniel are liable as supervisors, his allegations fail to state a cognizable claim. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). A claim that prison staff did not follow VDOC policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). To establish supervisory liability under § 1983, a

**IV.**

To the extent that McLin alleges that the defendants have also violated the Virginia RFRA, his claims fail. The Virginia RFRA provides that:

> No government entity shall substantially burden a person's free exercise of religion even if the burden results from a rule of general applicability unless it demonstrates that application of the burden to the person is (i) essential to further a compelling governmental interest and (ii) the least restrictive means of furthering that compelling governmental interest.

Va. Code § 57-2.02. As defined by the statute, "government entity" means "any branch, department, agency, or instrumentality of state government, or any official or other person acting under color of state law, or any political subdivision of the Commonwealth and <u>does not include the Department of Corrections</u> . . . ." Va. Code § 57-2.02(A) (emphasis added). Because the Virginia RFRA does not apply to the VDOC and all of the defendants are VDOC employees, the court grants defendants' motion to dismiss as to these claims.

**V.**

For the foregoing reasons, the court will grant defendants' motion to dismiss. Accordingly, only McLin's RLUIPA claims against defendants David Robinson, the VDOC, and River North remain.

---

plaintiff must show that: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). To satisfy the requirements of the first element, a plaintiff must establish: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff. Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Establishing a "pervasive" and "unreasonable" risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions, and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury. Id. at 373-74. A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses." Id. at 373. Inasmuch as he makes no allegations against them, McLin has not established that defendants Clarke, Elam, Kanode, Morris, and McDaniel are liable as supervisors.

**ENTER**: This 28th day of January, 2020.

/s/ Michael F. Urbanski
Chief United States District Judge